Scott L. DENTON, Plaintiff–Appellant,

v.

State of ARIZONA;  Department of Arizona Juvenile Corrections, Defendants–Appellees.

No. 00–16530.

D.C. No. CV–98–01663–RCB.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

* The panel unanimously finds this case suitable for decision without oral argument.  Fed. R.App. P. 34(a)(2).

**554**

Before O'SCANNLAIN, SILVERMAN and GOULD, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

## MEMORANDUM **

Scott Denton ("Denton") appeals pro se the district court's summary judgment in favor of the State of Arizona ("State") and the Arizona Department of Juvenile Corrections in his action for employment discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's entry of summary judgment de novo. *DeGrassi v. City of Glendora*, 207 F.3d 636, 641 (9th Cir.2000). We may affirm the district court's order granting summary judgment on any ground fairly supported by the record. *Keyser v. Sacramento City Unified Sch. Dist.*, 238 F.3d 1132, 1139 (9th Cir.2001).

■ We affirm summary judgment on Denton's Title I ADA claim for money damages as barred by the Eleventh Amendment. *See Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). Additionally, we affirm summary judgment on Denton's Title II ADA claim because Title II does not apply to claims of employment discrimination. *See Zimmerman v. State Dept. of Justice*, 170 F.3d 1169, 1173 (9th Cir.1999).

■ Finally, even though Denton's claim for injunctive relief is not barred by the Eleventh Amendment, we affirm summary judgment on Denton's claim that the State failed to reasonably accommodate his disabilities in violation of the Rehabilitation Act and Title I of the ADA because Denton failed to meet his burden of demonstrating that he is a qualified individual, i.e., that he is capable of performing the

courts of this circuit except as provided by 9th Cir. R. 36–3.

essential functions of the job with reasonable accommodation. *See* 42 U.S.C. § 12111(8); *Lucero v. Hart,* 915 F.2d 1367, 1371 (9th Cir.1990); *Echazabal v. Chevron USA, Inc.,* 226 F.3d 1063, 1070 (9th Cir. 2000).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.